```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO: 09-21770-Civ-UNGARO-BENAGES
                                  (03-74-TP-SEITZ)
                         MAGISTRATE JUDGE P. A. WHITE
```

RANDY SCRUGGS,                       :

    Petitioner,                      :

v.                                   :         REPORT OF
                                                       MAGISTRATE JUDGE
KENNY ADKINSON, Warden,              :

    Respondent.                      :
_____

## Introduction

On June 24, 2009,[1] while confined at the local Federal Correctional Institution, in Miami, Florida, Randy Scruggs, a convicted felon, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43 challenging the execution of his sentence by the Bureau of Prisons ("BOP").

The petitioner claims that he is unlawfully being denied credit toward his federal sentence by the BOP, pursuant to 18 U.S.C. §3585, and therefore, he is entitled to pretrial credits, for time he spent in state custody. The petitioner seeks relief in the form of an order from this Court, requiring the BOP to recalculate his projected release date on his federal sentences.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

For its consideration of the petition (DE#1) with supporting memorandum (DE#3), the Court has the respondent's responses with exhibits (DE#s10,14) to this court's orders to show cause.

## Procedural History

Review of the exhibits provided by the petitioner and respondent in this collateral proceeding reveals that the petitioner was sentenced on February 15, 1990 in the United States District Court, for the Northern District of Florida, Case No. TCR-89-04037-03, to serve 180 months in prison followed by five years supervised release, arising from his conviction for conspiracy to possess with intent to distribute and distributing 50 or more grams of crack cocaine. (DE#14:Ex.A; T/P-DE#1).[2] On February 13, 2003, the petitioner was released from federal custody and commenced his five-year term of supervised release.

On December 6, 2003, petitioner was arrested by Miami-Dade County law enforcement for possession of cannibis and cocaine. (Id.). On March 17, 2006, the petitioner received a sentence of two days, time served.

On March 18, 2005, the petitioner was again arrested by the Florida Highway Patrol in Port St. Lucie, for possession with intent to sell or deliver cannibis, trafficking in cocaine, possession of 18 grams of crack cocaine, and related offenses. (DE#14:Ex.D). On December 16, 2005, he was sentenced to a total of 36 months in prison, with 274 days credit for time served. (DE#14:Exs.A,B,D). The petitioner was scheduled to be released as

---

[2]The letter "T/P" refers to the underlying docket in this Court which contains a copy of the criminal Judgment entered in the Northern District of Florida.

2

to this offense on March 16, 2008, but was turned over early to the U.S. Marshals based on the warranted issued for violating the terms of his supervised release.

On May 13, 2008, the petitioner's supervised release in the federal case was revoked and he was sentenced to a term of 60 months in prison. (Id.). It appears from the exhibits provided that the petitioner received prior custody credit from the day after his release from state custody, March 14, 2008, until the day before his federal sentence commenced on May 12, 2008. (Id.).

The petitioner claims that, pursuant to 18 U.S.C. §3585, he is entitled to ten months of pretrial credits, which the BOP has failed to give him, for time he spent in state custody at the St. Lucie County Jail. The petitioner seeks relief in the form of an order from this Court, requiring the BOP to recalculate his projected release date on his federal sentences.

It is unclear from review of the documents now provided by the respondent (DE#14), whether the petitioner has exhausted his administrative remedies. Exhaustion is normally required prior to seeking federal habeas corpus review. See Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992); United States v. Lucas, 898 F.2d 1554 (11 Cir. 1990); United States v. Flanagan, 868 F.2d 1554, 1556 (11 Cir. 1989); United States v. Mathis, 689 F.2d 1364 (11 Cir. 1982). It is well-established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any time spent in custody." United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2 Cir. 1998); United States v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). However, the issue needed not be decided here as the petitioner is entitled to no relief on the claim presented herein.

3

Discussion

The petitioner maintains that the BOP failed to apply credit for pretrial custody, and therefore requests that the credit be applied towards his federal offense. He asserts that he is entitled to prior custody credit for the ten-month period he claims he spent in the St. Lucie County Jail.

While the petitioner is entitled to pursue relief in this Court by way of petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, he is not entitled to the relief he seeks. In order for this Court to address the petitioner's claim that he is entitled to additional time credit it is necessary to review 18 U.S.C. §3585, entitled "Calculation of a Term of Imprisonment." Section 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It provides in pertinent part as follows:

> (a) **Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. §3585 (emphasis added).

4

Interpreting 18 U.S.C. §3585(b), the Supreme Court held that the Attorney General through the Bureau of Prisons, and not the district courts, is authorized to compute sentence credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 333-35 (1992). See also United States v. Lucas, 898 F.2d 1554, 1555-56 (11 Cir. 1990)(concluding from the legislative history for section 3585(b) that Congress intended for the Attorney General to have initial discretion to credit a defendant's time in custody prior to sentencing and that this determination has been delegated to the BOP pursuant to 28 C.F.R. §0.96). The Bureau of Prison's view of §3585(b) regarding the calculation of inmate sentences and granting of prior custody credit can be found in U.S. Dept. of Justice, Bureau of Prisons Program Statement No. 5880.28,[3] Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999), which states in pertinent part that: "[C]redit will not be given for any portion of [pre-federal sentence] time spent serving another sentence regardless of whether the sentence is federal, state or foreign."

Under the last quoted phrase of 18 U.S.C. §3585(b), a defendant has no right to credit on his federal sentence for time that has been credited against a prior sentence. In other words, §3585(b) has been interpreted to disallow double crediting. See Vaccaro v. Andrews, 116 Fed.Appx. 780, 781 (9 Cir. 2004)(holding that habeas corpus petitioner's due process rights were not violated when his sentence was calculated from the date of sentencing, instead of from the date of incarceration, where time spent incarcerated prior to sentencing had already been credited towards petitioner's sentence for violating parole), citing, Allen v. Crabtree, 153 F.3d 1030, 1033 (9 Cir.1998)(recognizing that 18 U.S.C. §3585(b) prohibits double crediting); United States v.

---

[3]The Bureau's program statements are available on the Internet. U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), available at http://www.bop.gov. See also DE#17:Ex.B-Program Statement 5880.28.

Labeille-Soto, 163 F.3d 93, 99 (2 Cir. 1998)(holding that pursuant to §3585(b), a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence).

As correctly argued by the respondent, the petitioner is not entitled to habeas corpus relief, because he is improperly attempting to obtain double credit. However, he is not entitled to double credit. Rios v. Wiley, 201 F.3d 257, 273 (3rd Cir. 2000); Galloway v. Fisher, 2008 WL 4057803 (N.D.Fla. 2008).

It is thus apparent from the applicable statute and pertinent caselaw that the petitioner is not entitled to the relief requested as credit for the time he spent in state custody, because he had already received credit for that time period in a state sentence. To again receive credit towards his federal sentence would amount to double crediting, which is expressly prohibited by the applicable statute and caselaw. Thus, the Bureau of Prisons' correctly computed the petitioner's sentence and awarded him the proper amount of sentence credit under §3585(b) and Program Statement 5880.28.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 25th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Randy Scruggs, Pro Se
Reg. No. 08872-017
F.C.I.-Miami
P.O. Box 779800
Miami, FL 33177

Kelly S. Karase, AUSA
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132